-PSO-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════

ROBIE J. DRAKE, 82-B-2329,

                    Petitioner,

                                                    **DECISION and ORDER**
          -v-                                       99-CV-681S

L. A. PORTUONDO,
Superintendent, Shawangunk Correctional Facility,[1]

                    Respondent.

═══════════════════════════════

## INTRODUCTION

Petitioner Robie J. Drake has filed a motion for relief under Fed. R. Civ. P. 60(b) ("motion to reopen") (Docket No. 77), requesting that the Court reopen and amend the judgment entered on March 4, 2009 (Docket No. 76), which, pursuant to the Mandate issued by the Second Circuit on March 3, 2009 (Docket No. 74), conditionally granted Drake's petition for a writ of habeas corpus  and directed that he be released unless the State of New York provided him a new trial within 90 days.  For the reasons explained below, petitioner's motion is denied but is recharacterized as a new petition for habeas corpus, pursuant to 28 U.S.C. § 2254.

───────────────────

[1]The correct respondent for a § 2254 habeas proceeding is the name of the authorized individual having custody of the petitioner.  28 U.S.C. § 2243.  Given that petitioner is now incarcerated in the Clinton Correctional Facility, the correct respondent therefore would be the Superintendent of the Clinton Correctional Facility.  In light of petitioner's *pro se* status and the fact that this in no way will prejudice respondent, and in the interests of court efficiency, the Court will deem the petition amended to change the name of respondent to the Superintendent of the Clinton Correctional Facility.

     The Clerk of the Court is directed to terminate L.A. Portuodo, Superintendent, Shawangunk Correctional Facility, as respondent, add Superintendent of the Clinton Correctional Facility as the new respondent, and revise the caption of this action accordingly.

## PROCEDURAL HISTORY

On December 1, 1982, petitioner was convicted in Niagara County Court of two counts of second degree murder, and sentenced to consecutive terms of imprisonment of 20 years to life. His petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed with this Court in 1999, and was dismissed by the Hon. John T. Elfvin in 2001. (Docket Nos. 22, 23). Thereafter, in 2003, the Second Circuit vacated the judgment of dismissal and remanded for discovery on the question of whether the prosecution knew or should have known that its expert witness was committing perjury. *Drake v. Portuondo*, 321 F.3d 338 (2d Cir. 2003). On remand, following discovery, Judge Elfvin granted respondent's motion for summary judgment and judgment was issued dismissing the petition. (Docket Nos. 59, 60). Petitioner appealed, and by Opinion issued January 23, 2009, the Second Circuit reversed and remanded "for the entry of judgment conditionally granting the writ of habeas corpus and ordering Drake's release unless the State provides him with a new trial within 90 days." *Drake v. Portuondo*, 553 F.3d 230, 247-48 (2d Cir. 2009). The Mandate of the Second Circuit was filed on March 3, 2009 ("Mandate"), (Docket No. 74), and by Order dated March 4, 2009, this Court ordered, pursuant to the Mandate, that petitioner's petition for a writ of habeas corpus be conditionally granted and that petitioner be ordered released unless the State provided him with a new trial within 90 days. (Docket No. 75). In its March 4 Order, the Court also denied petitioner's motion for an extension of time to begin his new trial, noting that

> The Second Circuit explicitly directed the "entry of judgment conditionally granting the writ of habeas corpus and ordering Drake's release unless the State provides him with a new trial within 90 days." Entering judgment accordingly is all this Court is empowered to do. Any requests for extensions of time or a

2

> stay of the Second Circuit's Order must be made to the Second
> Circuit.

Order entered March 4, 2009, ¶ 3) (Docket No. 75).[2]  Judgment in accordance with the

Mandate was entered on the same date.   (Docket No. 76).

Before the commencement of the retrial in state court, Drake commenced an Article

78 proceeding in the Appellate Division, Fourth Department, New York State Supreme

Court, seeking a writ of prohibition to bar retrial on double jeopardy grounds.  (*See* Docket

No. 77, at Exhibits A-C).  By Order entered April 7, 2009, the Appellate Division denied

petitioner's application for a writ of prohibition (Docket No. 77, at Exhibit F), and his

application for leave to appeal was denied by the New York Court of Appeals on

September 1, 2009.  *Drake v. Kloch*, 13 N.Y.3d 755, 886 N.Y.S.2d 90 (2009).

Thereafter, beginning on March 8, 2010, petitioner was retried in Niagara County

Supreme Court before the Hon. Richard Kloch, at the conclusion of which petitioner was

again convicted of two courts of second degree murder.  (Docket No. 77, ¶ 27).  Judgment

was entered upon the new convictions on May 27, 2010.  (Docket No. 79 at p. 2).

### DISCUSSION

<u>Whether the Court retains jurisdiction to reopen the March 4, 2009 Judgment</u>

Petitioner's motion to reopen seeks to have the Court reopen and amend the

judgment issued on March 4, 2009, so as to grant the writ of habeas corpus

*unconditionally*, and discharge petitioner from custody   (Docket No. 77) (Affidavit in

Support of Motion for Relief, ¶ 2 and p. 19 ["WHEREFORE" clause]).  The motion to

---

[2]Petitioner then filed a motion in the Second Circuit for an extension of the 90-day period within which his retrial was to commence, and the Second Circuit twice granted such extensions. *See Drake v. Portuondo*, 06-1365 (2d Cir.), Orders filed March 19 and November 13, 2009.

reopen is based upon petitioner's argument that his retrial was barred by the Double Jeopardy Clause of the Fifth Amendment and the Supreme Court's decision in *Oregon v. Kennedy*, 456 U.S. 667 (1982).  (*See* Docket No. 77 at ¶¶ 16, 28-29 and Docket No. 78 [Petitioner's Memorandum of Law]).[3]

Petitioner's motion is brought pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, pursuant to which a court may "relieve a party…from a final judgment, order, or proceeding for" a number of enumerated reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).[4]  Petitioner claims that under this catch-all provision, "justice and the extraordinary circumstances of this case" require that the judgment "be reopened and amended to grant the writ of habeas corpus unconditionally and order the petitioner discharged from custody on the ground that his continued prosecution and confinement is in violation of the double jeopardy clause of the Fifth Amendment." (Docket No. 78 at p. 3).  The arguments in support of petitioner's request for relief under Rule 60(b)(6) and his claim that his double jeopardy rights were infringed

---

[3]The gist of petitioner's double jeopardy argument is summarized in his affidavit in support of his motion to reopen as follows:

> "That the prosecutor at petitioner's first trial intentionally engaged in egregious prosecutorial misconduct by knowingly offering the false testimony of [expert witness] Richard Walter; manipulated the trial court to prevent defense counsel from discovering the falsehood in time to act; and did so to prevent an acquittal of the intentional murder charges which the prosecutor believed likely to occur in the absence of Walter's perjured testimony, thereby entitling petitioner to the double jeopardy protection under <u>Oregan v. Kennedy</u> [.]"

(Docket No. 77 at ¶ 29).

[4]Petitioner concedes that the other grounds for relief from a final judgment set forth in Rule 60(b), *see* Rule 60(b)(1)-(5), are not applicable here.  (Docket No. 78 at p. 3).

by his retrial are set forth in considerable detail in the motion to reopen and in petitioner's memorandum in support of the motion.

In response to petitioner's Rule 60(b) Motion, respondent filed a memorandum of law in which it argues, in a conclusory fashion, that the motion is procedurally defective ("successive petition, claims not exhausted, failure to raise appellate claims") and substantively without merit.  (Docket No. 79 at p. 2).

 Amending the judgment issued by this Court on March 4, 2009, so as to grant the writ of habeas corpus *unconditionally*, as petitioner's motion to amend requests, would require that the Court deviate from the Second Circuit's Opinion and Mandate, which directed  that the writ be granted *conditionally*.  In addition, granting the motion would have the effect of nullifying the retrial and reconviction of petitioner, which took place in New York State Supreme Court in accordance with the terms of the Second Circuit's Mandate and this Court's ensuing judgment, which directed that petitioner be released unless the State provided him a new trial within 90 days.

The Court lacks the authority to grant petitioner the relief he seeks under Rule 60(b)(6).  Drake filed his petition under 28 U.S.C. § 2254, which provides that federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody *pursuant to the judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).  For federal habeas jurisdiction to exist under § 2254, therefore, a state prisoner must be held pursuant to a state court judgment.  However, the state court judgment attacked by petitioner in the instant matter–entered on December 1, 1982, following his first trial in Niagara County Court–is no more, having been vacated as a result

of this Court's March 4, 2009 judgment, issued pursuant to the Second Circuit's Mandate. As chronicled above, following the issuance of the March 4, 2009 judgment, petitioner was retried and convicted of two counts of second degree murder and judgment was entered in New York State Supreme Court on May 27, 2010.  While petitioner is unquestionably "in custody pursuant to the judgment of a State court," he is in custody pursuant to the judgment of conviction entered in 2010.  The instant habeas case became in essence moot in March 2009, when Drake ceased to be in custody under the December 1, 1982 judgment, at which time this court's jurisdiction ended.  *See Eddleman v. McKee*, 586 F.3d 409 (6th Cir. 2010), *reh'g en banc denied*, 2010 U.S. App. LEXIS 3439 (6th Cir. Feb. 9, 2010) (where federal district court granted a conditional writ of habeas corpus, directing that petitioner be released unless timely retried, and State then vacated his conviction and commenced retrial proceedings, the district court lacked jurisdiction to entertain petitioner's motion for the issuance of an unconditional writ barring retrial); *Hayes v. Evans*, 70 F.3d 85 (10th Cir. 1995) (habeas petition dismissed as moot where petitioner was no longer in custody pursuant to conviction that was the subject of the petition, a state court having reversed it, and ordered a new trial); *Leasure v. Johnson*, 3-98-CV-1652-X, 1998 U.S. Dist. LEXIS 23424 (N.D. Tex. Oct. 3, 1998), findings adopted, Oct. 23, 1998 (habeas petition dismissed as moot where petitioner was no longer in custody pursuant to the judgment he sought to attack, his conviction having been reversed and a new trial pending).

In the instant matter, Drake's 1981 conviction having been annulled, this Court no longer has the authority to grant relief from the judgment: "once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254." *Eddelman*, 586 F.3d at 413.[5]

A related reason why the Court lacks the jurisdictional authority to reopen and amend the March 4 judgment has to do with the nature of conditional grants of habeas corpus. "Originally, the courts confined the ultimate relief available in habeas corpus proceedings to orders requiring the petitioner's unconditional discharge from custody. If the legal error proved by the petitioner did not render her current custody illegal, no remedy was available; if the error satisfied that requirement, the courts assumed that they lacked the ability to order a retrial and that they had no choice but to order the prisoner released unconditionally (although often without prejudice to rearrest and retrial)." 2 Randy Hertz and James S. Liebman, Federal Habeas Corpus Practice and Procedure § 33.1 at 1677 (5th ed. 2005) (footnotes omitted). "Today, however . . . the principal form of habeas relief is the 'conditional release order,' which 'only requires release in the event a retrial or other

---

[5]The fact that the judgment of conviction entered against petitioner in 1981 has been vacated is what prevents Drake's Rule 60(b) motion from being construed as a "second or successive" petition within the meaning of 28 U.S.C. § 2244, as the respondent contends that it is. (Docket No. 79 [Respondent's Memorandum of Law] p. 2.) It is well-established that a Rule 60(b) motion that advances new claims not included in an original § 2254 petition may be treated in substance as a successive petition and subject to the requirements on second or successive petitions by § 2244. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005); *Kearney v. Graham*, 06-CV-6305 (CBA), 2010 U.S. Dist. LEXIS 77399, at *4 (July 26, 2010) (citing *Crosby*, 454 U.S. at 532).

Even if Drake's Rule 60(b) motion is treated as a petition, "a numerically second petition does not necessarily constitute a 'second' petition for the purposes of the AEDPA." *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002). In this regard, a subsequent petition will not count as a second or successive petition for purposes of § 2244 "unless the second petition attacks the same judgment that was attacked in the prior petition. In other words, two petitions are not successive' under § 2244 merely because they are both brought by the same prisoner. Rather, to be considered 'successive,' a prisoner's second petition must, in a broad sense, represent a second attack by federal habeas petition on the *same conviction*." *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (emphasis added; internal citation omitted). In the instant matter, however, and as more fully explained *infra*, petitioner's Rule 60(b) motion seeks to attack a *different* conviction, namely the second conviction that followed his 2010 re-trial in state court.

action sufficient to cure the violation does not occur within a period of time specified in the order granting the writ.' *Rosa v. McCray*, 03 Civ. 4643 (GEL), 2004 U.S. Dist. LEXIS 24772, at *12 (S.D.N.Y. Dec. 8, 2004) (*quoting* Hertz and Liebman, § 33.1, at 1499).

"[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth*, 456 F.3d 687, 692 (6th Cir.), *cert. denied*, 549 U.S. 1097, 127 S. Ct. 838, 166 L. Ed. 2d 667 (2006) (citing *Smith v. Lucas*, 9 F.3d 359, 366-67 (5th Cir. 1993); *see also, McQuillion v. Duncan*, 253 F. Supp. 2d 1131, 1134 (C.D. Cal. 2003). "Conditional grants of writs of habeas corpus are final orders, exactly like absolute grants, and they ordinarily and ideally operate automatically, that is, without the need for the district court to act further." *Gentry*, 456 F.3d at 692. However, federal district courts retain jurisdiction to determine whether a party has complied with the terms of the conditional order. *Id*.; *see also, Phifer v. Warden,* 5*3* F.3d 859, 864-65 (7th Cir. 1995). Accordingly, "[w]hen the state fails to cure the error, *i.e.*, when it fails to comply with the order's conditions, '[a] conditional grant of a writ of habeas corpus *requires* the petitioner's release from custody.'" *Satterlee v. Wolfenbarger*, 453 F.3d 362, 369 (6th Cir. 2006) (quoting *Fisher v. Rose*, 757 F.2d 789, 791 (6th Cir. 1985)). "On the other hand, when a state meets the terms of the habeas court's condition, thereby avoiding the writ's actual issuance, *the habeas court does not retain any further jurisdiction over the matter*." *Gentry*, 456 F.3d at 692 (citing *Pitchess v. Davis*, 421 U.S. 482, 490, 95 S. Ct. 1748, 44 L. Ed. 2d 317 (1995)) (emphasis added); *see also, Osborn v. Shillinger*, No. 90-8047, 1991 U.S. App. LEXIS 10626, at *5-6 (10th Cir. Apr. 24, 1991) (unpublished)

(affirming dismissal of petition for writ of mandamus ordering petitioner's release on speedy trial grounds where district court did not retain jurisdiction after conditional habeas corpus was granted, and state subsequently initiated reprosecution of petitioner) (citing *Pitchess*, 421 U.S. 490); *Cooper v. Louma*, 04-CV-74790-DT, 2007 U.S. Dist. LEXIS 50798, at *2-3 (E.D. Mich. July 13, 2007) ("[T]he Court is reluctant to vacate its opinion and order granting a conditional writ of habeas corpus. As noted, conditional grants of the writ of habeas corpus are final orders. The reason that conditional orders are ordinarily considered final is that they generally terminate proceedings between the parties. The Court has no further jurisdiction in this matter because the terms of the Court's prior opinion and order have been satisfied." (citing *Gentry*, 456 F.3d at 692) (internal quotation omitted)).

In *Pitchess v. Davis, supra,* the Supreme Court held that Rule 60(b) does not, either alone or in conjunction with 28 U.S.C. § 2254, authorize a district court to retain jurisdiction to change its grant of a conditional writ of habeas corpus to an absolute writ, as petitioner would have this court do in the instant matter: "Neither Rule 60 (b), 28 U.S.C. § 2254, nor the two read together, permit a federal habeas court to maintain a continuing supervision over a retrial conducted pursuant to a conditional writ granted by the habeas court." 421 U.S. at 490; *see also, Osborn*, 1991 U.S. App. LEXIS 10626, at *5 ("While [petitioner] is correct in his assertion that the district court had jurisdiction to grant habeas corpus relief, the district court did not retain jurisdiction *after* habeas relief was granted.") (citing *Pitchess*) (emphasis in original).

As noted above, the Second Circuit's January 23, 2009 decision in this matter directed that this Court enter judgment *conditionally* granting Drake a writ of habeas corpus

9

and ordering his release unless the State provided him with a new trial within 90 days. In accordance with the Second Circuit's decision and ensuing Mandate, this Court directed, in its March 4, 2009 Order, that the petition be conditionally granted and that petitioner be released unless the State provided him with a new trial within 90 days. The condition set forth in the Court's March 4 Order, *viz.*, that the State provide petitioner a new trial within 90 days, has, as described above, been satisfied. Accordingly, the Court retains no further jurisdiction over this habeas petition. *See Pitchess*, 421 U.S. at 490*, Gentry,* 456 F.3d at 692; *Cooper*, 2007 U.S. Dist. LEXIS 50798, at *3.

<u>Petitioner's Rule 60(b) Motion in substance is a new habeas corpus petition</u>

Although petitioner seeks to cast his application for relief as a further attack upon his 1982 conviction, it is clear that in substance his Rule 60(b) motion is properly characterized as a *new* § 2254 petition, which seeks to vacate his 2010 conviction on double jeopardy grounds. To begin with, as explained above, petitioner's 1982 conviction has been annulled. Petitioner is "in custody pursuant to the judgment of a State court" within the meaning of § 2254(a), but the State court judgment pursuant to which he is incarcerated is the 2010 judgment of conviction, entered following his retrial.

That Drake's motion seeks to attack the judgment of conviction resulting from his 2010 retrial is evidenced by the nature of the claim set forth in his motion and supporting papers. Petitioner explicitly argues that his Fifth Amendment rights were violated when the Appellate Division of the New York Supreme Court denied his application, made immediately before his retrial, pursuant to Article 78 of the New York C.P.L.R., for a writ of prohibition seeking to prevent his retrial on double jeopardy grounds. (Petitioner's Reply Memorandum [Docket No. 81] at p. 4) ("[T]he instant motion attacks the judgment of the

Appellate Division, Fourth Department, entered April 7, 2009, which denied petitioner's double jeopardy claim."). The Appellate Division's denial of petitioner's application for a writ of prohibition was the predicate for his retrial to proceed: had the Appellate Division granted the application, the State would have been prohibited from re-prosecuting petitioner, and there would be no basis or need for petitioner to now seek, as he does, to have this Court discharge him from custody. Consequently, petitioner's challenge to the Appellate Division's decision is properly regarded as a ground for relief with respect to his 2010 conviction.

Petitioner's papers clearly anticipate the possibility that the Court might construe the motion to reopen as a new petition for habeas corpus. In this regard, petitioner states that "even if this Court were to indicate that it would recharacterize this Rule 60(b)(6) motion as a petition for habeas corpus under 28 U.S.C. § 2254, this motion/petition should not count as 'first' petition attacking the judgment of conviction resulting from the second trial in March 2010," because "[w]hile this motion certainly concerns the same arrest and the same criminal charges, it only challenges the decision and order of the Appellate Division which rejected petitioner's double jeopardy claim and allowed him to be tried under the same indictment." (Docket No. 77, ¶ 37). Similarly, in petitioner's reply to the respondent's memorandum in opposition to his motion to reopen, he asserts that the motion should not be characterized as a petition seeking to challenge the judgment of conviction rendered after the 2010 retrial:

> The motion does not, per se attack the judgment of [the] Supreme Court, Niagara County, entered May 27, 2010, after the retrial (which petitioner submits should be viewed as a nullity in violation of the Double Jeopardy Clause). Rather, the instant motion attacks the judgment of the Appellate Division, Fourth Department, entered

April 7, 2009, which denied petitioner's double jeopardy claim. As
such, it should not be construed as counting as a "first" petition
attacking the May 27, 2010 judgment (if the motion were construed
as a petition at all).

(Docket No. 81, pp. 4-5).   Petitioner's attack upon the Appellate Division's decision

denying  his application for an order prohibiting his retrial cannot, as petitioner desires, be

considered by this Court separate and apart from the retrial and conviction that followed

the Court's denial of his application.  This Court does not have at-large authority to review

the decisions of state courts in criminal matters outside the context of a properly presented

habeas corpus petition. *See, e.g., Alvarez v. Scully*, 833 F. Supp. 1000, 1005 (S.D.N.Y.

1993) ("Federal courts have no supervisory authority over state courts, and federal habeas

corpus review of state criminal proceedings under 28 U.S.C. § 2254 is limited to errors of

constitutional magnitude.") (citations omitted).

It is well-established that "the nature of a motion is determined by its substance and

not the label attached to it[.]"), *Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y.

2008) (internal citations omitted).   The Courts have applied the substance-over-form

approach to treat a mislabeled petition, complaint or motion as petitions for relief under 28

U.S.C. § 2254, where such petition, complaint, or motion seeks in substance to vacate or

set aside  a conviction or otherwise challenge the constitutionality of a prisoner's custody

pursuant to a state court judgment.  *See, e.g., Cook v. New York State Div. of Parole*, 321

F. 3d 274, 277 (2d Cir. 2003) ("[I]f an application that should be brought under 28 U.S.C.

§ 2254 is mislabeled as a petition under section 2241, the district court must treat it as a

section 2254 application instead.") (citation omitted); *James v. Walsh*, 308 F. 3d 162, 166

(2d Cir.2002) ("[I]t is the substance of the petition, rather than its form, that" governs);

12

*Dennis v. People,* 09-CV-4644 (SLT), 2010 U.S. Dist. LEXIS 24376 (E.D.N.Y. Mar. 16, 2010) (where review of a "mislabeled motion" filed by a *pro se* petitioner revealed that he was seeking to vacate a state court conviction, the motion would be recharacterized as a petition pursuant to 28 U.S.C. § 2254); *Spillman v. Cully*, 08-CV-0008M, 2008 U.S. Dist. LEXIS 13196 (W.D.N.Y. Feb. 15, 2008) (recharacterizing complaint filed under 42 U.S.C. § 1983 as a habeas corpus petition pursuant to 28 U.S.C. § 2254 where it sought to challenge plaintiff's detention).

Review of petitioner's motion herein reveals, as explained above, that notwithstanding its labeling as a motion to reopen and amend the judgment issued by the Court on March 4, 2009, it is, in substance, a petition for a writ of habeas corpus that seeks to attack his 2010 convictions resulting from his retrial in New York State Supreme Court, and should be recharaterized as such.

But before the Court can recharacterize the motion as a petition under § 2254, it must first provide petitioner both notice of its intent to recharacterize the motion and an opportunity to withdraw it rather than having it so recharacterized. *See Adams v. United States*, 155 F.3d 582, 584 (2d Cir.1998) (*per curiam*). This is because the recharacterization of the motion to reopen as a petition for habeas corpus has real and potentially adverse consequences for the petitioner. A petition filed under § 2254 is subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b) and such restrictions "might preclude [petitioner] from ever seeking federal review of claims, even meritorious ones, not raised in the petition." *Cook,* 321 F.3d at 281-82. Because a prisoner cannot bring a "second or successive" petition under § 2254 except under narrow

circumstances, see 28 U.S.C. § 2244(b), if petitioner's motion herein is properly converted to a section 2254 petition, he might be precluded from later seeking federal review of claims, even meritorious ones, not raised currently in the instant motion, which, as noted, raises only a double jeopardy claim.[6]

The Second Circuit in *Adams* determined that before a mislabeled petition can be properly recharacterized to one under § 2255, the district court must provide petitioner notice of its intent to recharacterize the petition, thereby subjecting it to the second and successive rule of § 2244(b), and provide the petitioner an opportunity to withdraw it. This notice of recharacterization rule applies in the context of any conversion of a motion or petition made under some other rule as a motion made pursuant to 28 U.S.C. § 2254. *See, e.g., Cook*, 321 F.3d at 281-82 (applying *Adams* to the conversion of a § 2241 petition to a § 2254 petition because a § 2254 petition, like a § 2255 petition, is subject to the second and successive rule--gate-keeping mechanism--of § 2244 (b)); *Newton v. Abus-Salaam*, 08-CV-1147 (DGT), 2008 U.S. Dist. LEXIS 31776, at *4 (E.D.N.Y. Apr. 17, 2008) ("[T]he Court of Appeals for the Second Circuit has stated that district courts should not recharacterize a motion purportedly made under some other rule as a motion made under § 2254 unless the petitioner receives notice and an opportunity to withdraw."); *Dennis*, 2010 U.S. Dist. LEXIS 24376 (providing petitioner who filed a "mislabeled motion" 30 days

---

[6]The Court notes that petitioner's papers allude to his apparent appeal of his 2010 conviction in the courts of New York. *See* Motion to Reopen [Docket No. 77], ¶38; Memorandum in Support of Motion [Docket No. 78], p. 33.

to either advise the Court that he wishes to have the motion treated as a § 2254 petition or to withdraw it).[7]

Accordingly, the Court is hereby notifying and advising petitioner that it intends to recharacterize the instant motion to reopen as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with respect to his 2010 state court convictions and that this recharacterization means that any subsequent § 2254 petition will be subject to the restrictions on "second" or "successive" petitions set forth in 28 U.S.C. § 2244 (b).[8]  If the complaint is recharacterized as a petition under § 2254 it will also be subject to the one year period of limitations set forth in § 2254 (d) (1).

The recharacterization or conversion of the instant motion to a petition under § 2254 will occur unless Drake notifies the Court in writing, by the date directed below, that he either (1) consents to the recharacterization or (2) voluntary withdraws the motion instead of having it recharacterized as a petition for a writ of habeas corpus pursuant to § 2254.

## CONCLUSION

For the reasons explained above, this Court lacks jurisdiction to grant petitioner's motion, made pursuant to Rule 60(b)(6), to reopen and amend the March 4, 2009 judgment in this matter, and it is accordingly denied.  However, as further explained above, the Court

---

[7]Petitioner's papers indicate his familiarity with the restrictions on "second or successive" petitions. He asserts that "it would be unjust and inappropriate to recharacterize [the instant] motion as a 'first' habeas petition against the judgment to be imposed from the March 23, 2010 convictions."  (Motion to Reopen, ¶ 38).

[8]If petitioner's motion is recharacterized as a habeas corpus petition pursuant to 28 U.S.C. § 2254, it would appear that the sole claim asserted in the petition, that petitioner's retrial violated the double jeopardy clause, has, as petitioner maintains, been exhausted (*see* Motion for Relief, ¶ 30; Memorandum in Support of Motion for Relief, p. 32) inasmuch as petitioner's application for a writ of prohibition to bar his retrial on double jeopardy grounds was denied by the Appellate Division, and petitioner's application for leave to appeal was thereafter denied by the New York Court of Appeals.

notifies petitioner that it will instead recharacterize his motion to reopen as a new petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and petitioner is directed to advise the Court in writing by **May 2, 2011,** of either his consent to the recharacterization or his withdrawal of the motion.  If petitioner does not so advise the Court in writing by **May 2, 2011,** the Court will recharacterize the motion to reopen as a petition under § 2254.

SO ORDERED.

Dated:      March 30, 2011
            Buffalo, New York


                                        /s/William M. Skretny
                                       WILLIAM M. SKRETNY
                                           Chief Judge
                                    United States District Court